UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KEB HANA BANK USA, N.A. f/k/a BNB HANA
BANK, N.A.,

       Plaintiff,      21-cv-1864 (PKC)

  -against-

                ORDER

JOHN WAYNE CAMPBELL,

       Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

  The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

  The Notice of Removal asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 5). Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998). An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "A national bank is a citizen only of the state listed in its articles of association as its main office." OneWest Bank, N.A. v. Melina, 827 F.3d 214, 219 (2d Cir. 2016).

Here, the Notice of Removal states that defendant "is an individual residing in the State of Florida," and that plaintiff has "an office" in New York.  (Notice of Removal ¶¶ 1–2.)  However, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another."  <u>Kennedy v. Trs. Of Testamentary Tr. of Will of Kennedy</u>, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (Pauley, J) (citing <u>Mississippi Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 47–49 (1989)).  Moreover, that plaintiff has "an office" in New York is not indicative of "the state listed in its articles of association as its main office."  <u>OneWest Bank, N.A.</u>, 827 F.3d at 219.  Although the Notice of Removal states that "Plaintiff is a citizen of a different state than Defendant," it fails to adequately allege the citizenship of either party.  With 30 days of this Order, defendant shall amend the Notice of Removal or the action will be remanded back to the Supreme Court of the State of New York, County of New York.

      SO ORDERED.

Dated:  New York, New York  
       March 4, 2021

P. Kevin Castel  
United States District Judge